

FILED
12 February 29 A12:07
Stan Stanart
County Clerk
Harris County

NO. 10010195

| | | |
|---|---|---|
| MARIO LUVIANOS, <br> JANETTE LOREDO, <br> JESSICA DOMINGUEZ, and <br> JOSE GARZA, III <br> *Plaintiffs* | § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE COUNTY COURT |
| vs. | § <br> § | AT LAW NUMBER 4 |
| GRATIS CELLULAR, INC. and <br> VIKAS ANAND <br> *Defendant* | § <br> § <br> § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

MARIO LUVIANOS, JANETTE LOREDO, JESSICA DOMINGUEZ, and JOSE GARZA, III, Plaintiffs herein, complain of GRATIS CELLULAR, INC. and VIKAS ANAND Defendants herein, and for causes of action shows:

Plaintiffs intend to conduct discovery in this case under Level 2 of the Texas Rules of Civil Procedure.

### PARTIES

1.  Plaintiff, **MARIO LUVIANOS** ("Mario") is an individual residing in Texas.

2.  Plaintiff **JANETTE LOREDO** ("Janette" herein) is an individual residing in Texas.

1

3.  Plaintiff **JESSICA DOMINGUEZ**("Jessica" herein) is an individual residing in Texas.

4.  Plaintiff **JOSE GARZA, III** ("Jose" herein) is an individual residing in Texas.

5.  Defendant GRATIS CELLULAR, INC., ("Defendant or "GCI") is a Texas Corporation and may be served with process by serving its agent, VIKAS ANAND 19910 BIG CANYON DR., KATY, TX 77450 or wherever he may be found.

6.  Defendant VIKAS ANAND ("Defendant or "VIKAS") is an individual residing in Harris County, Houston Texas and may be served with process at 19910 BIG CANYON DR., KATY, TX 77450 or wherever he may be found.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over Defendants for the reason that they conduct business in the State of Texas, have sufficient minimum contacts with the State of Texas, or resides in the State of Texas. Additionally, Defendants have committed wrongful actions in the State of Texas as set forth in this petition.

2.  Venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE, § 15.002.

3.  Plaintiffs are seeking damages within the jurisdictional limits of this Court

## FACTS/CAUSES OF ACTION

1. Defendant Gratis Cellular, Inc. has its principal place of busienss in harris COunty, Texas.

2. GCI provides cellular products and services.

3. GCI is an authorized CRICKET WIRELESS retailer.

4. GCI has retail stores in Texas, Maryland, and other locations throughout the United States.

5. At all relevant times, Plaintiffs' employment were controlled and set by CGI and its owner and CEO, VIKAS ANAND.

6. Plaintiffs' job duties are non-exempt and were classified as non exempt.

7. Plaintiffs worked at Defendants' retail stores and their job duties included, but not limited to, greeting customers, accepting applications, troubleshooting cellular phones, taking payments, and other overall customer service functions as customers walked in or called.

8. Based on information and belief, CGI has operated under numerous "D/B/A"s including but not limited to Prime Wireless, Houston Wireless Zone, Mega Cell Phones, Fiesta Cell Phone #10, E-Mobile Houston, and Star Cellphones.

9. Plaintiffs routinely worked over forty (40) hours per week.

10. Defendants did not pay Plaintiffs overtime compensation for all hours over 40 per week.

11. Defendants were required to pay Plaintiffs overtime pursuant to the FLSA.

12. Numerous similarly situated individuals working for Defendants were also denied their lawful overtime wages under the FLSA.

13. Plaintiffs bring this action for themselves and on behalf of Defendants' current and former employees similarly situated as Plaintiffs.

14. Plaintiffs respectfully requests that notice be issued to these employees informing them of their right to file consent to join in this action.

15. Defendants' failure to pay Plaintiffs and similarly situated employees their lawful wages required by the FLSA was willful.

16. Despite Defendants' knowledge that Plaintiffs and other similarly situated employees performed non-exempt work over forty (40) hours per week, Defendant improperly and intentionally failed to pay overtime.

17. Consequently, Plaintiffs and other similarly situated employees have suffered damages within the jurisdictional limits of this Court.

18. As part of their employment, Plaintiffs were also to receive bonuses and paid time off ("PTO")

19. Defendants have also failed to pay Plaintiffs their bonuses and PTO.

### Plaintiff Mario Luvianos' Claims against Defendants

20. Plaintiff Luvianos began his employment with Defendants in the McAllen, Texas market. Luvianos resided in the McAllen when he began working for Defendants.

21. During the course of his employment, Defendants requested that Luvianos move to work at their Baltimore, Maryland store(s). Luvianos did not want to move to Baltimore.

22. Defendants however, offered to pay Luvianos $10,000.00 if he agreed to move to Baltimore and work.

23. Luvianos accepted Defendants' offer and moved to Baltimore to work.

24. Once in Baltimore, Defendants began paying Plaintiff in cash without deducting any applicable federal withholding, despite being an hourly employee.

25. Likewise, Defendants have failed to pay Plaintiff the agreed upon $10,000.00 bonus despite repeated demands.

26. Plaintiff Luvianos has performed all conditions precedent and moved to Baltimore from his home in Texas to work for Defendants.

27. Defendants have breached their agreement with Plaintiff Luvianos by failing to pay the $10,000.00.

28. Consequently, Defendants have committed breach of contract which has caused Plaintiff Luvianos actual and consequential damages within the jurisdictional limits of this Court.

## REQUEST FOR DISCLOSURE

Plaintiffs requests that Defendants disclose all information and documents required under Rule 194, Texas Rules of Civil Procedure.

WHEREFORE, Plaintiffs prays that the court award all statutory, common law and equitable remedies to which he is entitled including, but not limited to the following:

1. Compensation for all hours worked;

2. Overtime compensation for all unpaid hours worked in excess of 40 at the rate of one and one half times his regular rate;

3. An equal amount as liquidated damages as allowed under the FLSA;

4. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

5. Actual and consequential damages;

6. Pre-judgment and post judgment interest at the highest rates allowed by the law; and

7. Such other just and equitable relief to which Plaintiff may be entitled.

         Respectfully submitted,

         Michael P. Fleming & Associates, P.C.

         _/s/_____

         Michael P. Fleming
         SBN: 07130600
         David Tang
         SBN: 2401448
         440 Louisiana, Suite 1920
         Houston, Texas 77002
         (713) 221-6800
         (713) 221-6806 fax

         **ATTORNEYS FOR PLAINTIFFS,**
         **MARIO LUVIANOS, JANETTE**
         **LOREDO, JESSICA DOMINGUEZ,**
         **and JOSE GARZA, III**